1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                              EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  CHRISTOPHER M. PARNELL, | **Case No.  1:16-cv-00324-JLT (PC)** |
| 12           Plaintiff, | **ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND TO PROSECUTE THIS ACTION** |
| 13           v. | |
| 14  WASCO STATE PRISON, et al., | |
| 15           Defendants. | **(Docs. 11, 12)** |
| 16 | **21-DAY DEADLINE** |

17      On November 17, 2016, the Court issued an order finding certain of Plaintiff's claims

18  cognizable. (Doc. 11.)  Plaintiff was ordered to file an amended complaint curing the defects

19  noted or to notify the Court of his willingness to proceed only on the claims that were found

20  cognizable.  (*Id.*)  That order warned Plaintiff that his failure to obey would result in restriction to

21  proceeding only on the claims found cognizable.  (*Id.*)  Plaintiff did not respond to that order, so

22  on December 29, 2016, the Court determined Plaintiff could proceed only on the claims that it

23  found cognizable and directed Plaintiff to submit service documents within 30 days.  (Doc. 12.)

24  More than a month has now passed and Plaintiff has not filed service documents, or any other

25  response to the December 29, 2016 order.

26      The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or

27  of a party to comply with . . . any order of the Court may be grounds for the imposition by the

28  Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.

1

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court **ORDERS**:

1.       **Within 21 days** of the date of service of this order, Plaintiff **SHALL** show cause in writing why this matter should not be dismissed for his failure to state a claim and to comply with the Court's order. Alternatively, **within 21 days**, Plaintiff may file service documents as directed in the Court's order, or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:    **February 7, 2017**                          **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE