# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. PARNELL,<br><br>               Plaintiff,<br><br>       v.<br><br>WASCO STATE PRISON, et al.,<br><br>               Defendants. | Case No.  1:16-cv-00324-JLT (PC)<br><br>**ORDER DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO OBEY THE COURT'S ORDER AND TO PROSECUTE THIS ACTION**<br><br>**(Docs. 11, 12, 13)** |

   On November 17, 2016, the Court issued an order finding certain of Plaintiff's claims cognizable and others not cognizable. (Doc. 11.) Plaintiff was ordered to file an amended complaint curing the defects noted, or to notify the Court of his willingness to proceed only on the claims found cognizable. (*Id.*) That order warned Plaintiff that his failure to obey would result in restriction to proceeding only on the claims found cognizable. (*Id.*) Plaintiff did not respond to that order, so on December 29, 2016, the Court ordered that Plaintiff's action would proceed only on the claims that had been found cognizable and directed Plaintiff to submit service documents within 30 days. (Doc. 12.) More than a month passed and Plaintiff did not file service documents or any other response to the December 29, 2016 order.

   On February 7, 2017, the Court ordered Plaintiff to show cause why the action should not be dismissed due to his failure to comply with the Court's December 29, 2016 order and to prosecute the action. Alternatively, the Court directed Plaintiff to file service documents as

previously ordered or to file a voluntary dismissal.  (Doc. 13.)  More than twenty-one days have now lapsed without any response from Plaintiff.

As stated in the February 7, 2017 order to show cause, the Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court **ORDERS** that this action is **DISMISSED** without prejudice due to Plaintiff's failure to obey the Court's December 29, 2016 and February 7, 2017 orders and to prosecute this action.

IT IS SO ORDERED.

Dated:   **March 27, 2017**                     **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE